**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **ABDLAZIZ ALSIR ALSHMIE KHALED** | **CASE NO. 1:26-CV-01988 SEC P** |
| **VERSUS** | **JUDGE ALEXANDER C. VAN HOOK** |
| **ELEAZER GARCIA, ET AL** | **MAGISTRATE JUDGE LEBLANC** |

# REPORT AND RECOMMENDATION

Before the Court is Respondents' Motion to Dismiss the Petition for Writ of Habeas Corpus. Doc. 8. For the reasons set forth below, the undersigned recommends that Respondents' Motion to Dismiss be granted.

Petitioner, Abdlaziz Alsir Alshmie Khaled a former ICE detainee, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 on June 1, 2026. Doc. 1. On August 24, 2026, Petitioner was removed. *See* Government Exhibit A, doc. 8-1.

The release from custody renders Khaled's Petition for Writ of Habeas Corpus moot, as petitioner has demanded only his immediate release through these proceedings. *See Goldin v. Bartholow*, 166 F.3d 710, 717 (5th Cir. 1999) ("[A] moot case presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents.").

Based on the foregoing,

**IT IS RECOMMENDED** that the Motion to Dismiss filed by the Government (doc. 8) be **GRANTED**, the Petition for Writ of Habeas Corpus be **DISMISSED** without prejudice, and this proceeding be terminated.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's

objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

**THUS DONE AND SIGNED** in chambers this 21st day of September, 2026.

THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE